UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

BRITTANY L. HERBERT and
BRANDIE S. WILLIAMS,

            Defendants.

**DECISION AND ORDER**
22-CR-141S

    Before this Court are several motions and notices. Defendant Herbert has filed a motion and three notices; the government has filed a motion to set a trial date. (Docket Nos. 92-96.)

    Defendant Herbert is newly representing herself in this matter.[1] On February 7, 2024, this Court issued an order adjourning a previously scheduled status conference to afford Defendant Herbert additional time to familiarize herself with the discovery materials, to assess the evidence against her, and to consider whether a pretrial resolution may be reached. See United States v. Farias, 618 F.3d 1049, 1053 (9th Cir. 2010) ("A criminal defendant does not simply have the right to represent himself, but rather has the right to represent himself meaningfully. Meaningful representation requires time to prepare."). A status conference is now scheduled before this Court on June 11, 2024, for all parties to report on whether a trial date should be set or whether pretrial resolutions may be reached.

    Since the issuance of that order, Defendant Herbert has filed documents containing all the hallmarks of "sovereign citizen" ideology. As the Second Circuit recognizes, sovereign citizens seek to clog and delay proceedings by raising numerous

---

[1] Defendant Herbert previously considered representing herself, but ultimately elected to accept assigned counsel, until his discharge on January 30, 2024. (Docket Nos. 13, 14, 16, 87, 88.)

1

baseless and frivolous arguments in an effort to avoid criminal or civil liability.   See United States v. McLaughlin, 949 F.3d 780, 781 (2d Cir. 2019) (per curiam); United States v. Ulloa, 511 F. App'x 105, 106 n. 1 (2d Cir. 2013) (summary order) (explaining that "sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior").   They typically "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."   Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011).   Sovereign citizen beliefs and theories are routinely rejected as frivolous, irrational, unintelligible, and ungrounded in American law.   See Tyson v. Clifford, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) (collecting cases).

  Defendant Herbert has filed a motion that appears to seek dismissal of the indictment based on a number of sovereign citizen theories.[2]   (Docket No. 93.)   For example, she maintains that states cannot regulate the practice of law through licenses; that she has discharged her criminal liability through the filing of an "International Bill OF Exchange, Conditional Acceptance, Surety Bond"; and that she did not consent to this Court's jurisdiction.   These arguments are all frivolous, and any cognizable relief requested is denied.   See Shih v. Flagstar Bank FSB, 23-CV-3375 (LTS), 2023 WL 3977499, at *3 (S.D.N.Y. June 12, 2023) (rejecting argument that states are not allowed to issue law licenses as frivolous and "not grounded in law"); United States v. Hakim,

---

2 This motion is captioned as follows: "NOTICE OF MOTION TO STRIKE OBJECTION OF TEX ORDER, CEASE AND DESIST AND DISMISS CASE No.1:22-cr-00141-WMSD-JJM; AND NOTICE OF MOTION DEMAND REQUEST PROOF OF DELEGATION OF AUTHORITY OF PROSECUTOR Charles Mark Kruly, Laura A. Higgins. TRIAL ATTORNEY Jennifer Bilinkas AND MAGISTRATE JUDGE**; Jeremiah J. McCarthy and JUDGE: William M. Skretny.**"

2

Case No. 1:18-cr-00126, 2018 WL 4791085, at *2 (N.D.Ga. Oct. 4, 2018) (rejecting the defendant's attempt to avoid criminal liability by "set[ting] off all accounts"); McLaughlin, 949 F.3d at 781-82 (explaining that a criminal defendant need not consent to jurisdiction).

Reading Defendant Herbert's motion broadly, she further appears to argue that dismissal is required because holding her to attorney standards violates her due process rights, and because the criminal complaint contains false allegations. It is well settled, however, that criminal defendants who elect to represent themselves are held to attorney standards. See, e.g., Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law."); United States v. Shine, Case #17-CV-28-FPG, 2018 WL 3737877, at *5 (W.D.N.Y. Aug. 7, 2018) (requiring sovereign citizen defendant to comply with the Federal Rules of Criminal Procedure and all court orders). And because Defendant Herbert has been indicted, the indictment, not the criminal complaint, is the operative charging instrument. See United States v. Malka, 602 F. Supp. 3d 510, 556-57 (S.D.N.Y. 2022). Defendant Herbert's request for dismissal on these grounds is therefore also denied.

Defendant Herbert's remaining filings request no relief in the criminal case, but rather, appear to assert civil counterclaims against the government or new civil actions against the prosecutors and members of this Court.[3] (Docket Nos. 94-96.) Civil

---

3 The three notices are captioned as follows: "5.5 MILLION DOLLAR NOTICE OF CLAIM UNDER THE TUCKERS ACT 2.4.C. FOR VIOLATION OF DUE PROCESS BY HOLDING THE PLAINTIFF'S PLEADINGS TO A HIGHER STANDARD WHEN ATTORNEYS DON'T HAVE A LICENSE" (Docket No. 94); "NOTICE OF LIABILITY/Mandatory Judicial Notice of Trustee Acknowledgement of Appoint and Description of Equitable Interest" (Docket No. 95); and NOTICE OF DEFAULT AND CONSENT TO STIPULATION AGREEMENT TO THE FACTS" (Docket No. 96).

counterclaims by criminal defendants are not allowed, nor may a criminal defendant begin a civil action within the confines of a criminal case. See United States v. Hakim, Crim. No. 1:18-cr-126-MLB-AJB, 2018 WL 6184796, at *8 (N.D.Ga. Aug. 22, 2018) ("The applicable federal law and the Federal Rules of Criminal Procedure do not allow criminal defendants to file civil counterclaims in criminal cases."), adopted, Hakim, 2018 WL 4791085. Since these notices are entirely irrelevant to these criminal proceedings, they will be stricken.

Finally, the government has moved to set a trial date earlier than at the June 11, 2024 status conference. (Docket No. 92.) Both defendants will be ordered to respond to the government's motion as set forth below.

IT HEREBY IS ORDERED, that Defendant Herbert's motion to dismiss and for any other relief (Docket No. 93) is DENIED in its entirety.

FURTHER, that the Clerk of Court is directed to STRIKE the notices filed at Docket Nos. 94-96, since they are irrelevant to these proceedings.

FURTHER, that both Defendant Herbert and Defendant Williams must respond to the government's motion to set a trial date (Docket No. 92) by March 5, 2024. The government may file a reply by March 12, 2024.

FURTHER, that the Clerk of Court is directed to send a copy of this Decision and Order to Defendant Herbert at her address of record.

SO ORDERED.

Dated:  February 20, 2024
        Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge