UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

BRITTANY L. HERBERT and
BRANDIE S. WILLIAMS,

                    Defendants.

**DECISION AND ORDER**
22-CR-141S

Before this Court are the government's motion to schedule a trial date and Defendant Herbert's "NOTICE TO COURT OBJECTION NON-STATUTORY COMMON LAW WRIT OF QUO WARRANTO PROCEEDING CHALLENGING JURISDICTION OF THE COURT TO ISSUE ORDER OF SUPPORT IN VIOLATION OF DUE PROCESS." (Docket Nos. 92, 98.)   The requests for relief in both documents are denied.

First, on February 7, 2024, this Court issued an order (Docket No. 90) adjourning a previously scheduled status conference for several months to afford pro se Defendant Herbert additional time to familiarize herself with the discovery materials, to assess the evidence against her, and to consider whether a pretrial resolution may be reached.   See United States v. Farias, 618 F.3d 1049, 1053 (9th Cir. 2010) ("A criminal defendant does not simply have the right to represent himself, but rather has the right to represent himself meaningfully.   Meaningful representation requires time to prepare.").   In this Court's judgment, the adjournment until June 11, 2024, was necessary because Defendant Herbert had just undertaken her own representation.

On February 9, 2024, the government moved to set a trial date earlier than at the rescheduled June 11, 2024 status conference.   (Docket Nos. 92, 99.)   The government wishes to set a trial date sooner to avoid delay.   Neither defendant responded to the

government's motion, despite being afforded the opportunity to do so.   (Docket No. 97.) While the government's desire to schedule and hold a trial promptly is understandable, this Court continues to find that the additional preparation time afforded Defendant Herbert is necessary for her to reach an informed position as it relates to trial readiness, trial length, and trial timing, among other issues.   The government's motion to hold a status conference earlier than June 11, 2024 will therefore be denied.

Second, Defendant Herbert has filed a "NOTICE TO COURT OBJECTION NON-STATUTORY COMMON LAW WRIT OF QUO WARRANTO PROCEEDING CHALLENGING JURISDICTION OF THE COURT TO ISSUE ORDER OF SUPPORT IN VIOLATION OF DUE PROCESS."   With all the hallmarks of a "sovereign citizen" filing, this document "challeng[es] jurisdiction of the court and challeng[es] the authority of the constitutional officer to preside over expedited processes by requiring a separate writ of quo warranto proceeding before any expedited process under 45 CFR 303.101 is initiated."   See Notice, Docket No. 98, p. 2.   The cited regulation has no application in this federal criminal prosecution—it relates to enforcement of child support orders. Consequently, because expedited processes under 45 C.F.R. § 303.101 are not at issue, Defendant Herbert's related request for relief is denied.

Defendant Herbert's Notice further contains eight paragraphs that each begin with the phrase "Take judicial notice of evidence of an adjudicated fact . . . ."   Notice, pp. 4-8. To the extent these paragraphs request that this Court take judicial notice of the facts or statements asserted therein, the requests are denied since none of the material therein fits under Rule 201 of the Federal Rules of Evidence.

This Court previously advised that "sovereign citizen" beliefs and theories are routinely rejected as frivolous, irrational, unintelligible, and ungrounded in American law.

See Tyson v. Clifford, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) (collecting cases).   Rather than continuing to follow a fruitless course, this Court strongly encourages Defendant Herbert to use the time afforded to her for meaningful case assessment and trial preparation.

IT HEREBY IS ORDERED, that government's motion to hold a status conference earlier than June 11, 2024 (Docket No. 92) is DENIED.

FURTHER, that any cognizable request for relief that can be gleaned from Defendant Herbert's Notice (Docket No. 98) is DENIED.

FURTHER, that Defendant Herbert and all counsel must appear in person before this Court at the Robert H. Jackson United States Courthouse in Buffalo, New York, for the previously scheduled status conference on June 11, 2024, at 9:30 a.m.

FURTHER, that time continues to be excluded from the Speedy Trial Clock through June 11, 2024, under 18 U.S.C. 3161 §§ (h)(7)(A) and (h)(7)(B)(iv), as previously stated.

FURTHER, that the Clerk of Court is directed to send a copy of this Decision and Order to Defendant Herbert at her address of record.

SO ORDERED.

Dated:   March 27, 2024
         Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge